Caruthers, J.,
delivered the opinion of the Court.
In 1843, David Winchester, who is now dead, leaving the defendants, his widow and children, sold and conveyed to Cromwell in trust, “ for Mrs. Elizabeth Armour and children,” a lot in Memphis, for the consideration of $300. This hill is filed to correct an alleged mistake in the deed, by the omission of the words of inheritance. The words used are “ to the said John Cromwell, trustee of Elizabeth Armour, and her children forever.”
The rigid and well established rule of the common law, 4 Kent, 4, 5, &c., that the word heirs is indispensable to convey an estate of inheritance, and without it, only, an estate for life is created in deeds, is recognized by this Court in Hunter v. Bryan, 5 Hum., 47. This rule, though of feudal origin, has been too long established to be changed, except by the Legislature. This has been done by several of the States, and recently by our own. But this deed was before our statute. This deed is not before us, however, for construction, but upon a bill to reform it, because of a mistake in not inserting words of inheritance, in conformity to the understanding of the parties at the time.
That this power has been always exercised in proper cases by Courts of Chancery, there can „ be no doubt. 1 Story Eq., sec. 152. If, by mistake, the writing contains less or more, or something different from the in *391 tent of the parties, and this he clearly made out by proof entirely satisfactory, a Court of Equity will reform the contract so as to make it conform to such intent. But if the mistake is not made entirely plain, and put beyond all reasonable controversy, the Court will not interpose. It is not easy to reconcile this doctrine to the common law rule, which excludes all parol evidence to vary or control written contracts, and that it is liable to abuse is obvious. But where terms and stipulations are inserted, or omitted, by fraud or mistake, greater frauds and injustice would be perpetrated by closing the door against any relief, than the rule is designed to prevent. Let this be as it may, the jurisdiction of a Court of Equity on this subject is well settled. The presumption always is strong, that a writing contains the whole contract, and sets it forth accurately; but, if it can be clearly and indisputably shown, that by fraud or mistake it does not, the presumption fails, and it will be reformed.
The question is, whether, according to these' rules, the complainants have made out a case for the relief they ask. It is proved by two witnesses that they saw the vendor on the day he made the sale, and he said he had sold the lot to Cromwell for a certain price, which is proved to have been a full and fair one for the fee at that day. He made no reservation, said nothing about a life estate or a reversion, or the reservation of any interest. But Aye are not left to parol proof to ascertain the intention of the parties, because the internal evidence is conclusive upon the point. In a perfectly formal deed in other respects, he conveys the lot to John Cronrwell, as trustee for Elizabeth *392 Armour, and “ her children forever.'” Although that may not he, according to the authorities, equivalent to the word “ heirs,” so as, of itself, to create a fee, yet it is enough to show that it was the intent of the parties at the time, that an estate of inheritance was bought and sold, hut, by mistake, the proper technical word was omitted. It is not possible to suppose that the vendor reserved a life estate in the face of the words, “and children forever.” No room is left for conjecture, and the presumption or rule of law, that a life estate, only, is intended to be conveyed, because the word heirs is omitted, is entirely rebutted and overthrown. Story in sec. 162, says, that this relief is not only granted where the mistake is expressly established, “ but also where it is fairly implied from the nature of the transaction.” There can be no doubt whatever left upon the mind, but that it was the object and intent of the parties that a fee was conveyed in this deed, and that it was by mistake so written, as not to carry out that intent. Perhaps the proof would not be sufficient for the purpose, independent of this intrinsic evidence, but with that, it is beyond all controversy.
We have not thought it necessary to decide the question of the competency of the husband of Mrs. Armour, but decide the case without reference to his testimony.
We think there is no doubt of the correctness of the Chancellor’s decree granting the relief, and affirm it.